### Authority of Attorney General to Compromise or Write Off Claims

CREAMER, Attorney General, November 14, 1972. —You have requested an interpretation of section 903 of The Administrative Code of April 9, 1929, P. L. 177, art. IX, 71 PS §293, which provides:

"The Department of Justice shall have the power, and its duty shall be:

"(a) To collect, by suit or otherwise, all debts, taxes, and accounts, due the Commonwealth, which shall be placed with the department for collection by any department, board or commission. . . .

"(b) To represent the Commonwealth, or any department, other than the Department of the Auditor General, board, commission, or officer thereof, in any litigation to which the Commonwealth or such department, board, commission, or officer, may be a party, or in which the Commonwealth or such department, . . . is . . . required by law to intervene or interplead."

Specifically, you have asked whether section 903 confers upon the Attorney General the authority to compromise, abate, settle or write off claims which have been referred to the Department of Justice for collection.

You are hereby advised that the Attorney General does possess such authority, based upon:

1. Court decisions which have held that the broad common law powers of the Attorney General include the power to compromise litigation to which the Commonwealth is a party;

2. Attorney General Opinion No. 419, dated May 11, 1942;

3. The Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, 46 PS §552, pertaining to the pre-

sumptions which are to apply in the interpretation of legislative enactments.

Delinquent accounts are referred to the Department of Justice by authority of section 512 of The Administrative Code, 71 PS §192, which provides in part that:

". . . whenever any taxes or other accounts . . . due the Commonwealth remain overdue and unpaid for a period of ninety days, it shall be the duty of such department, board, commission, or officer, to refer the same to the Department of Justice."

Section 902 of The Administrative Code, 71 PS §292, gives the Department of Justice the power to:

". . . supervise, direct, and control all of the legal business of every administrative department, other than the Department of the Auditor General, board and commission of the state government."

Specific statutory authority to compromise and abate claims, resulting from the care and maintenance of disabled persons, exists by virtue of the Mental Health and Mental Retardation Act of 1966. Section 504 of that Act of October 20, 1966, Sp. S. no. 3, P. L. 96, 50 PS §4504, provides:

"(a) Whenever any person receives a service or benefit at any facility under this act wholly or in part at public expense, the secretary is hereby authorized and shall have the power, subject to the approval of the Attorney General, to determine the extent of liability . . . and to abate, modify, compromise or discharge the liability so imposed provided:

"(1) He is satisfied that the imposition of such liability would:

"(i) result in the loss of financial payments or other benefits from any public or private source which a mentally disabled person would receive, would be eligible to receive or which would be expended on his behalf except for such liability, or (ii) result in a sub-

stantial hardship upon the mentally disabled person, a person owing a legal duty to support such person or the family of either, or (iii) result in a greater financial burden upon the people of the Commonwealth, or (iv) create such a financial burden upon such mentally disabled person as to nullify the results of care, treatment, service or other benefits afforded to such person. . . ."

In addition, statutory authority to compromise claims involving insolvent corporations exists by virtue of the Act of April 9, 1929, P. L. 343, art. XIV, sec. 1410, as amended, 72 PS § 1410, which provides:

"If any corporation which has heretofore carried on business in this State, and is indebted to the Commonwealth, shall have gone into liquidation, become insolvent, or ceased to carry on business, or has no known or available property in this or any other State that may be seized in execution by process issued out of any of the courts . . . , or if such property as it owns is insufficient to satisfy the taxes or other debts due from it, the Department of Revenue may, with the approval of the Department of the Auditor General and of the Attorney General, compound or settle any taxes or other debts due . . . to the Commonwealth, on such terms as may be adjudged by said officers to be for the best interests of the Commonwealth, and the lien of the Commonwealth shall be reduced to the amount of taxes or debt as compounded or compromised."

This specific statutory authority to compromise, however, should not be construed so as to limit or restrict the powers of the Attorney General in other types of collection matters, for in addition to the express statutory powers which have been conferred upon him, it is well settled that the Attorney General has broad common-law powers. These include the power of prosecuting civil suits to judgment, the compromise of claims, the discontinuance of suits, the satisfaction of

judgments and the release, modification or postponement of judgments.

In Landell Estate, 8 D. & C. 2d 612 (Phila. O.C., 1957), the court recognized the power of the Attorney General to compromise a claim of the Commonwealth against an estate. That case involved a decedent's estate in which the decedent, an adopted person, died intestate without heirs in the adopting family. Accordingly, under the provisions of the Intestate Act of 1947, the Commonwealth became heir to the estate. The natural heirs brought suit in the Court of Common Pleas, to which the Commonwealth was a party, to revoke the decree of adoption on the grounds that the adoptee was an adult who was mentally incompetent, and therefore incapable of consenting to the adoption. A compromise agreement was entered into to which the Commonwealth, acting through the Attorney General, was a party. As a result of this agreement, the Commonwealth relinquished its claim to a portion of decedent's estate. The court, in approving the agreement, said:

"By the terms of the stipulation, the natural heirs are to receive certain distributions. In approving the stipulation the court of common pleas recognized the authority of the Attorney General to compromise litigation in which the Commonwealth is a party. This authority is referred to in Attorney General Opinion No. 419 of 1942 as follows: 'It is well settled that the Attorney General in addition to his statutory powers has broad common law powers. . . . Among these broad common law powers is the power of prosecuting civil suits to judgment, including the compromise of claims, the discontinuation of suits, or satisfactions of judgments . . .' The Attorney General, however, does not have specific authority to make assignment of property which belongs to the Commonwealth.

"The compromise approved by the court of common pleas in reality recognizes that the natural heirs are proper parties in interest to contest the validity of its decree of adoption. It is implicit in the approval of the stipulation that the court of common pleas recognizes that the natural heirs might have succeeded in having its decree vacated. Had they been successful, the Commonwealth would not be an heir, but the entire estate would pass to the natural maternal aunt and cousins of decedent. . . . The agreement of compromise, the terms of which will be fully set forth in awards hereunder, is approved. . . ."

It should also be noted that section 52 of the Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, 46 PS §552, provides:

"In ascertaining the intention of the Legislature in the enactment of a law, the courts may be guided by the following presumptions among others:

"(1) That the Legislature does not intend a result that is absurd, impossible of execution or unreasonable."

To conclude that the Attorney General, while possessing the clear statutory authority to collect debts due the Commonwealth, does not possess the authority to compromise, abate or write off such claims when he considers such action to be in the best interests of the Commonwealth, would lead to an absurd and unreasonable result. It would mean that a case, once referred to the Attorney General for collection, would have to be pursued to a final adjudication, regardless of any reasonable expectation of recovery, and irrespective of any of the attendant circumstances. Clearly the Legislature could not have intended such an interpretation of the statute.

You are, therefore, advised that the Attorney General, acting through his duly authorized representa-

tives, does possess the power and authority to compromise, abate, settle and write off any and all claims which have been referred to the Department of Justice, subject to the statutory limitations referred to above, and subject to the further limitation that such power shall be exercised only when there is a clear indication that such action will be in the best interests of the Commonwealth.

In order to insure that the exercise of this authority will in fact be in the Commonwealth's best interests, you are instructed to prepare regulations establishing the conditions under which settlements or write offs will be approved, and the guidelines to be followed in such cases.*

---

* See 2 Pa. B. 2231.